## NEW YORK COMMON PLEAS.

The People *ex rel.* George Doyle agt. R. H. Johnston, Clerk of New York Special Sessions.

Where a party accused of petit larceny, or assault and battery, is brought before the special sessions of the city of New York, and enters into a *recognizance* for his appearance at the general sessions, it must be regarded as an *election* by him, and as a recognition by the magistrate of his election, to be tried at the *general sessions*, and the special sessions thereafter has *no jurisdiction* of the case.

And this is so, whether the accused was informed or not by the magistrate or the clerk of special sessions, that it was his privilege to elect to be tried at the general sessions, as required by the act of 1855. (*Laws of* 1855, *p.* 613.)

*New York Special Term, April,* 1860.

Motion to discharge defendant from commitment at special sessions.

Daly, F. J. Under the Revised Statutes (2 *Rev. Stat.*, 4*th ed., p.* 899, § 24) a party accused of petit larceny, or

assault and battery, might, after he had given a recogniz-
ance to appear at the general sessions, demand to be tried
at the special sessions; for it was declared by the twenty-
fourth section above referred to, that if a person accused
of either of these offences should be required to enter into
a recognizance to appear before the proper court to answer
such charge, that he might *at any time* demand to be tried
by the special sessions, upon which the court was required
to proceed to hear and determine the accusation.  Before
the act of 1855, therefore, I presume it was the practice
in every case where the accused was admitted to bail and
wished to be tried at the special sessions, to take a recog-
nizance for his appearance at the general sessions, and if
he failed to appear at the special sessions, to have him
indicted, and if he neglected to appear at the general ses-
sions to answer the indictment, to forfeit his recognizance.
The special sessions obtained jurisdiction, if the accused
did not require to be tried at the general sessions, or did
not, within twenty-four hours after being committed on the
charge, enter into a recognizance for his appearance at the
next court of general sessions, or if having entered into
such recognizance, he saw fit thereafter to demand to be
tried by the special sessions.  The object of these provi-
sions was to enable the party accused of these petty
offences to have a more speedy trial if he desired it.   But
the act of 1855 made a very material change. (*Laws of
1855, p. 613.*)   It greatly enlarged the powers of the spe-
cial sessions, by declaring that it should have exclusive
jurisdiction of all misdemeanors, unless it should order the
complaint to be heard at the general sessions, or unless the
accused, when arrested and brought before the committing
magistrates, should elect to have his case heard and deter-
mined by the general sessions; and it was made the duty
of the magistrate to inform him of this provision.  If
Doyle had been informed of his rights by the magistrate,
or by Johnston, the clerk, and he made no election, it was

the duty of the magistrate to commit him for trial at the special sessions, or take a recognizance for an appearance before that court. There seems to have been a doubt of the right to take a recognizance for an appearance at the special sessions, to remove which the act of 1859 was passed (*Laws of* 1859, *p.* 1129), which declares that if the accused elects to be tried at the special sessions, and is admitted to bail, a recognizance shall be taken for his appearance at that court. But there was no ground for such a doubt, for since the time of the passage of the act of Philip and Mary (6 *Evans' Statutes,* 252), in cases of petty larcenies and small felonies, the recognizance was certified to the quarter sessions (*Dalton's Justice,* 540; *Hugh Peterdorf on Bail,* 511), a tribunal for the trial of minor offences, analagous to our special sessions. The practice of taking a recognizance for the prisoner's appearance at the general sessions was, after the act of 1855, no longer necessary or proper, for the prisoner could not, as before, elect *at any time* to be tried by the special sessions. He was bound, after the passage of that act, to elect to be tried before the general sessions, when he was arrested and brought before the committing magistrate, and if he did not at that time so elect, the special sessions had exclusive jurisdiction. There was some reason, before the passage of the act of 1855, for taking the recognizance, in every case, for an appearance at the general sessions, but none thereafter. It matters not, therefore, whether Johnson, the clerk, informed Doyle of the provisions of the act of 1855 or not, a point that is contested in the affidavit. For when he entered into a recognizance before Justice Kelly for his appearance at the general sessions, it must be regarded as an election by him, and as a recognition by the magistrate of his election, to be tried at the general sessions. This being the case, the special sessions had no jurisdiction. He was not amenable to the process of that court, and must be discharged.